IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WB MUSIC CORP., HUNTERBORO MUSIC, BUT FATHER, I JUST WANT TO SING MUSIC, MOTHER CULTURE PUBLISHING, MY RIB IS BROKE, and NICE HAIR PUBLISHING,<br><br>Plaintiffs,<br><br>vs.<br><br>JUSTENUFF JACK, LLC and STEVEN H. PAIK<br><br>Defendants. | :<br>:<br>: Civil Action No.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>x |

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege as follows:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. 1400(a).

3. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the works listed in Column 3, and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5. On information and belief, Defendant JustEnuff Jack, L.L.C. ("JEJ"), is a limited liability company organized under the laws of the Commonwealth of Pennsylvania,

6. At all times hereinafter mentioned, JEJ did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Just Enuff Lounge, located at 149 Boro Line Road, King of Prussia, Pennsylvania 19406 ("Just Enuff").

7. Musical compositions were and are publicly performed at Just Enuff.

8. On information and belief, Defendant Steven H. Paik ("Paik") is an individual who lives or does business in this District.

9.

10. On information and belief, Paik was and still is a managing member, principal, officer, and/or director of JEJ.

11. At all times hereinafter mentioned, Paik was and still is responsible for the control, management, operation, and maintenance of the affairs of JEJ.

12. At all times hereinafter mentioned, Paik had, and still has, the right and ability to supervise and control the activities that take place at Just Enuff, including the right and ability to supervise and control the public performance of musical compositions at Just Enuff.

13. Paik derives a direct financial benefit from the public performance of musical compositions at Just Enuff.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 600,000 songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. Since April 2011, ASCAP representatives have made more than 30 attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Just Enuff. ASCAP has contacted Defendants, or their agents, by phone, by mail, by fax, by e-mail, and in person.

17. Defendants have refused all of ASCAP's offers of a license for Just Enuff.

18. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Just Enuff constitute infringement of ASCAP's members' copyrights.

19. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Just Enuff, including the copyrighted works involved in this action, without permission, during the hours that Just Enuff is open to the public for business and presenting musical entertainment.

20. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

21. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

22. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

23. Defendants, on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Just Enuff, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Just Enuff of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Just Enuff include the performances of the four (4) copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court

restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated: June 13, 2017

Respectfully submitted,

*[signature]*

Vincent V. Carissimi (PA 42227)
Noah S. Robbins (PA 206803)
PEPPER HAMILTON LLP
3000 Two Logan Square
Philadelphia, PA 19103-2799
Phone: (215) 981-4000
Fax: (215) 981-4750
Email: carissiv@pepperlaw.com
robbinsn@pepperlaw.com

*Attorneys for Plaintiffs*

Schedule A

Columns

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringement |
| 1. | WB MUSIC CORP. | AIN'T IT FUN | Hayley Williams | April 9, 2013 | PA 1-854-435 | September 26, 2014 |
|  | HUNTERBORO MUSIC |  | Taylor York |  |  |  |
|  | BUT FATHER, I JUST WANT TO SING MUSIC |  |  |  |  |  |
| 2. | MOTHER CULTURE PUBLISHING | DOWN WITH THE SICKNESS | Mike Wengren | March 7, 2000 | PA 1-000-622 | June 27, 2014 |
|  |  |  | Dan Donegan |  |  |  |
|  | WB MUSIC CORP. |  | David Draiman |  |  |  |
|  |  |  | Steve "Fuzz" Kmak |  |  |  |

| | | | | | |
|---|---|---|---|---|---|
| 3. | MY RIB IS BROKE | GAUZE | Chino Moreno | November 13, 2012 | PA 1-849-262 | September 26, 2014 |
| | WB MUSIC CORP. | | Stephen Carpenter | | | |
| | | | Abran Cunningham | | | |
| | | | Frank Delgado | | | |
| | | | Sergio Vega | | | |
| 4. | NICE HAIR PUBLISHING | #SELFIE | Andrew Taggart | January 28, 2014 | PA 1-891-231 | September 27, 2014 |